# THE SUPREME COURT,

OF

# THE STATE OF LOUISIANA.

---

### EASTERN DISTRICT.

### NEW-ORLEANS, DECEMBER, 1840.

---

MERCHANTS' BANK OF NEW-YORK *vs.* EXCHANGE BANK OF NEW-ORLEANS.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

There is no law or usage which authorizes the party on whom a check is drawn, to delay payment until he receives advice of its having been drawn, from the drawer.

Where a bank pays a check, which has been altered and forged for a much larger amount than the true sum, it will have recourse to the party to whom or for whose benefit it was paid, for the amount of the forgery after its discovery.

EASTERN DIST.
*December*, 1840.

MERCHANTS'
BANK OF N. YORK
*vs.*
EXCHANGE BANK
OF N. ORLEANS.

| 16L | 457 |
|-----|-----|
| 44  | 245 |
| 16L | 457 |
| 46  | 51  |

This is an action to recover the sum of four thousand eight hundred dollars, the amount of an altered or forged check of two hundred and thirteen dollars and fifty cents, which had been changed and altered to five thousand and thirteen dollars and fifty cents.

EASTERN DIST.
*December*, 1840.

MERCHANTS'
BANK OF N. YORK
*vs.*
EXCHANGE BANK
OF N. ORLEANS.

The plaintiffs allege, that on the 15th April, 1837, the Bank of Mobile drew a check on the plaintiffs, in New-York, for two hundred and thirteen dollars and fifty cents, payable to the order of G. D. Duncan, fifteen days after date, who endorsed it to the order of Thomas Thurstand. That it was altered to the sum of five thousand and thirteen dollars and fifty cents, and sold to the Exchange Bank of New-Orleans. The cashier of said bank endorsed the check, after it had been thus altered and forged, to the Girard Bank, in Philadelphia, for collection; and it was sent to New-York, and presented to these petitioners for payment; who, being ignorant of the fraud that had been committed, paid the same, and passed the full amount to the credit of the defendants. That said payment was made in error, and the Exchange Banking Company are bound to refund the difference between the true sum and that to which said check had been altered, to wit: the sum of four thousand eight hundred dollars, for which they pray judgment.

The defendants denied all the allegations in the petition, and averred they were in no manner liable.

The evidence shows that a check for two hundred and thirteen dollars and fifty cents was drawn by the Bank of Mobile, the 15th of April, 1837, on the Merchants' Bank of New-York, payable fifteen days after date, to the order of G. D. Duncan, and endorsed by him in blank; and also by Thomas Thurstand. That on the 17th April, the Exchange Banking Company bought this check from Thurstand, filled up and altered to five thousand and thirteen dollars and fifty cents, endorsed it and sent it with a letter of advice to the Girard Bank of Philadelphia for collection, as their agent, who informed them the check was paid. Thurstand opened an account with the Exchange Bank, and drew out the whole amount on the day after the purchase of the check. The Merchants' Bank in New-York sent notices, dated the 2d August following, to the Exchange Bank, in New-Orleans, notifying them of the forgery, and that they should demand the difference between the true amount and that to which the check had been altered. They paid the check

the 1st May, 1837, and charged the Bank of Mobile with the entire amount to which it had been altered.

Testimony of witnesses was taken as to the custom of writing a letter of advice, accompanying checks when drawn. It was stated that it was not customary to send or receive letters on drawing or paying checks. The president of the Bank of Louisiana, stated that in purchasing checks from a stranger, he would wait for a letter of advice, but not when he knew the person from whom he was buying. That in drawing bills of exchange, he always writes by the first mail after he has drawn, and should expect a letter of advice when drawn upon. The fact of the forgery and alteration of the check, before it came into the possession or was purchased by the defendants, was fully proved.

The cause was submitted to a jury upon the evidence of the case, who returned a verdict for the plaintiffs in the sum claimed, and from judgment rendered thereon, the defendants appealed.

*C. M. & F. B. Conrad,* for the plaintiffs.

*L. Peirce,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a judgment, by which the plaintiffs recovered the sum of four thousand eight hundred dollars, alleged to have been paid through error. The general issue was pleaded.

The facts of the case are these : The defendants purchased a check, drawn by the Bank of Mobile on the plaintiffs, for the sum of two hundred and thirteen dollars and fifty cents, which had been altered so as to appear to be for the sum of five thousand and thirteen dollars and fifty cents. The check was paid for this apparent sum to the defendant's agent. The fraud having been afterwards discovered, the plaintiffs claimed the difference between the real and apparent sum ; and payment being refused, the plaintiffs brought the present suit.

There is no law or usage which authorizes the party on whom a check is drawn, to delay payment until he receives advice of its having been drawn, from the drawer.

Where a bank pays a check which has been altered and forged for a much larger amount than the true sum, it will have recourse to the party to whom, or for whose benefit it was paid, for the amount of the forgery, after its discovery.

The defence is that the plaintiffs paid the check before they received any advice of it. That the forgery is apparent, and the plaintiffs were guilty of laches, in not giving timely notice.

Admitting that this defence was proper under the plea of the general issue, it appears to us unavoidable. We are unacquainted with any law, requiring or authorizing the suspension of the payment of a check, until advice of its being drawn has been received. The testimony which has been introduced to establish the usage of giving advice of the drawing of checks, is insufficient to prove it to be universal, or so general, as to authorize us to receive it, having any binding force. The defendants having bought the check after the forgery had been committed, and having endorsed it gave it credit, now urge with ill grace that the plaintiffs did not notice the forgery when the check was presented to them for payment, while they (the defendants) did not do so when they purchased it.

The knowledge of the forgery appears to have been first given to the plaintiffs, in a letter of the cashier of the Bank of Mobile, dated on the 17th July, 1837, and they informed the defendants of it on the 2d August following.

The three grounds set up in the defence were proper matters for the consideration of the jury, and they have disregarded them. The evidence fully disproves the plea of the general issue, and establishes the facts and allegations of the petition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.