By the Court. Slossow, J.
Whether the plaintiff could have maintained this action upon the non-refusal of the bank to pay the $90 check is a question it is unnecessary to decide, since of his right to maintain the action, as assignee, we have no doubt, and it was only upon this ground that be recovered.
The only questions to be considered, therefore, are
1st. Was the bank justified in paying the post-dated checks before their maturity ?
2d. Ought any other question of fact to have been submitted to the jury than that which was submitted?
*82 Though the date of a note, bill, or check, is not material to its validity, it is so in respect to its period of payment. It may be ante-dated or post-dated, without affecting its legal character, as an obligation, but the date determines the time when it becomes payable. (Parsons v. North, 13 East. 516; Brewster v. McCardle, 8 Wend. 478.)
The checks in question, which were paid by the defendants on the 10th of July, were not payable until presentation on the day of their date, 25th July, and the defendants, therefore, paid them in their own wrong. They had, at the time, funds of the drawers, Messrs. Shufeldt, in hand exceeding the amount of the two checks by $10.21. This excess was paid to the drawer, two days after the payment of the checks, on what the defendants intended to be a closing of the drawer’s account with them; and their defence to this action is, that they had accounted with the drawers, and paid them this balance due them. The evidence, however, falls far short of showing such an accounting, as that the maker of the checks acquiesced in the account made up by the bank, in which these two checks were charged.
This account is contained in the pass-book, in which these checks are charged as “ cash” merely, with no designation of date other than that of the payment, (10th July.) There was nothing, therefore, on the face of the account, to apprise Messrs. Shufeldt that those were the two checks in question. He appears to have signed the check for the balance ($10.21) as soon as it was handed to him, and without examining the pass-book or returned checks. About an hour afterwards, in examining the returned checks, he discovered the mistake, and that the bank had charged these two checks as cash paid 10th July, and the next morning he returned the checks to the bank for payment, which was refused. The bank, however, wrote over the face of the checks, “cut by error.” Checks are cut, at a bank, when paid, and the account closed or balanced; writing these words was probably intended by the defendants to protect themselves against any conclusion against themselves in their claim on the Metropolitan Bank, from which they had received them; it was equally an admission in favor of Messrs. Shufeldt on the question of payment. If, on this evidence, the Judge who tried the case had left it to the jury to say whether the Messrs. Shufeldt had acquiesced in the bank *83 account as an account liquidated and adjusted, and had ratified the payment of the two checks on the 10th of July, and they had found that question in the affirmative, the verdict could not have been sustained. He was right, therefore, in withholding the question from them.
It follows, then, that the amount of the two checks was never, in contemplation of law, withdrawn from the bank; and when the check in suit for that amount was subsequently made, on 14th July, in favor of the plaintiff, and the drawer’s claim on the fund in bank formally assigned to him, the defendants became bound, on presentation of it, to pay it, and having refused to do so, are 'liable in this action.
.Judgment at Special Term, denying motion for new trial, affirmed.