[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 69 
In order to sustain the judgment of the General Term, the defendant must make out that it has parted with its money in reliance upon some assertion of the plaintiff in respect to the check, and which the plaintiff is, therefore, bound to make good. The whole question is: What did the plaintiff assert? Upon this question we agree with the views expressed by the learned referee. When a check is presented for certification to a bank on which it is drawn, the purpose is to ascertain, with certainty, what the bank alone can know, and that is, whether the drawers of the check have funds sufficient to meet it; and, further, to obtain the engagement of the bank that those funds shall not be withdrawn from the bank by the drawers of the check. To this extent the knowledge of the bank must, of necessity, enable it safely to go, in the way of assertion; and its own power over its own funds will suffice to protect it as to its obligation. But if the doctrine contended for in opposition to this view is correct, and the certifying bank is bound to warrant, not only the genuineness of the drawers' signature and the sufficiency of their credit, but also the genuineness of the check in all its parts, including the specification of the amount to be paid, and the names and identity of the payees, then obviously there must occur an immediate and complete change in the modes of doing business, which would defeat and practically put an end to the use of certified checks. For no *Page 72 
bank, under such a rule, could safely certify a check without, in the first instance, investigating its origin and history by inquiry of its makers and payees. The burden of such inquiries could not be borne without interfering with, or interrupting the other necessary business of the bank, and the practice of certifying checks would have to be abandoned, or a staff of inquirers instituted in every bank, specially charged with these duties. It is plain that banks, in self protection, would be compelled to refuse altogether to certify checks, and that this convenient and useful invention of modern business would come to an end. The mischief would arise from charging the banks with a knowledge that, in the nature of things, they cannot possess. With their responsibility limited to the facts within their knowledge, the practice imposes no burden upon banks, and subserves the convenience of commerce. No construction ought to be put on acts in the usual course of business, which will impose upon the parties interested the necessity of immediately altering it. For, as the question is, necessarily, what did the parties mean, we cannot, without violent construction, attribute to them a meaning so burdensome that it will necessitate a change of the usual way of doing business. Such a meaning we know they cannot have entertained. We have been referred to various expressions in different cases, stating in quite positive and general terms, the obligation of banks upon certified checks. (Farmers' Bank v.Butchers' Bank, 16 N.Y., 125; First Nat. Bank v. Leach,
52 id., 350; Cooke v. State Nat. Bank of Boston, id., 115.) These are to be construed with reference to the facts disclosed in the cases. In such cases the question has been, in various forms, whether the bank certifying a check, could defend itself upon the ground of want of authority in the certifying officer, or that the drawer had not funds. These being facts within the knowledge of the certifying bank, it was necessarily precluded from disputing its certificate. But there is no ground of reason or authority for extending the rule to matters not being especially within the knowledge of the certifying bank, such as those which *Page 73 
form the ground, in this case, on which the bank's claim of immunity rests.
The order of the General Term granting a new trial should be reversed, and the judgment entered on the report of the referee affirmed.
All concur.
Order reversed, and judgment accordingly.