Dykman, J.
On the 13th day of November, 1884, Henry Von Deilen, one of the depositors of the plaintiff, gave to a stranger a check for six dollars, in exchange for six dollars in money, in these figures and words :
*727 “No. 90. Brooklyn, November 13, 1884.
National City Bank of Brooklyn pay to Mrs. J. W. Smith or order $6.00.
$6.00 H. VON DEILEN.”
Without the knowledge of the drawer or the defendant, • the check was subsequently changed and made to read as follows :
“No. 94. Brooklyn, November 15, 1884.
National City Bank of Brooklyn pay to Samuel F. Allen or order $660.
$660. H. VON DEILEN.”
That check bore the following endorsements :
“Samuel F. Allen.”
“ For collection, New York and Boston Despatch Express Company. A. J. Dunlap, Gen. Agent.”
“ George W. Dixon.”
The check came to the New York and Boston Despatch Company for collection, and was • forwarded by that company to the. company of the defendant, and was received and endorsed by George W. Dixon, the agent of the Westcott Express Company, who presented it to the plaintiff, with his endorsement, and received the money called for by it, and delivered it over to the despatch company, from which the check was received, and the latter company paid the money to the person from whom it received the check in Philadelphia.
The money was paid by the plaintiff on the nineteenth day of November, 1884, but the forgery was not discovered until February 10, 1885, when immediate notice of the facts was conveyed to the defendant’s company and the payment of the difference between the checks was demanded and refused.
Mr. Von Deilen was allowed to draw against the sum of $654, which had been charged to his account when, the forged check was paid, and this action was commenced for the recovery of that amount of money from the defendant’s company.
The material facts were undisputed upon the trial, and a verdict was directed for the plaintiff, from which the defendant brings this appeal, which presents questions of law only.
It is the contention of the defendant that the endorsement of the check by its agent imposed no liability upon the company and did not constitute a warranty to the plaintiff that the instrument was genuine.
The point was decided against the defendant by the trial judge, who held that the endorser of a bill or check war *728 rants the instrument to be genuine, and cites the case of Turnbull v. Bowyer (40 N. Y., 456) to sustain his ruling.
The judge who wrote the opinion in that case did say . therein that “The rule is well settled also that an endorsement of commercial paper is a contract with every subsequent holder that the instrument itself and all the antecedent signatures thereon are genuine,” but the statement was too broad, and in its entirety was unnecessary to the determination of the question involved. There the name of the payee alone was forged, and the remark of the judge respecting the application of the warranty of the endorser to the instrument itself was impertinent.
The case was subsequently criticised and limited in the-case of Susquehanna Bank v. Loomis (85 N. Y., 212), and now in this state the acceptor of a bill of exchange by his acceptance guarantees only the genuineness of the signature of the drawer -of the bill, arid not the body of the instrument, and the same rule applies to the endorser of a check. Clews v. Bank of New York (89 N. Y.) and cases cited.
Yet this action is properly brought for money paid by mistake, and the judgment must be upheld. Such actions have been uniformly sustained in this state. Canal Bank v. Bank of Albany, 1 Hill, 287; Bank of Commerce v. The Union Bank, 3 Comst., 230; Marine National Bank v. National City Bank, 59 N. Y., 67.
When money is paid by mistake upon a raised check, neither party being in fault, it may be recovered back as paid without consideration. Espy v. Bank of Cincinnati, 18 Wall, 604.
The judgment should therefore be affirmed, with costs.
Barnard, P. J., and Pratt, J., concur.