---

(7 Misc. Rep. 228.)

### MT. MORRIS BANK v. LAWSON.

(City Court of New York, General Term. February 8, 1894.)

1. NEGOTIABLE INSTRUMENTS—ACTION ON—AVERMENT OF CONSIDERATION.
    Setting out in the complaint the note sued on is a sufficient allegation of consideration, where the note recites that it was given for "valuable consideration."

2. ALTERATION OF INSTRUMENTS—BONA FIDE PURCHASER.
    Where a negotiable note, given for a valuable consideration, is altered after delivery by addition of the words "with interest," the maker is nevertheless liable for the face value to a subsequent purchaser for value before maturity and without notice of the alteration.

Appeal from trial term.

Action by the Mt. Morris Bank against Robert G. Lawson on a promissory note. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

Goldfogle & Cohn, for appellant.

Alexander & Green, for respondent.

VAN WYCK, J. The action is against the defendant as the maker of the promissory note sued upon, and which is set out in full in the complaint as follows:

"$1,500. New York, Mch. 21st, 1890.

"Three months after date I promise to pay to the order of James Ritchie fifteen hundred dollars at Mount Morris Bank, N. Y. city, with interest. Value received.

"No. ——. Due ——. Robert G. Lawson."

The defendant specifically admits in his answer that he made and delivered the note declared on in the complaint to James Ritchie, the payee named therein, but he alleges that when he so made and delivered the same it did not have the words "with interest" written thereon, and that he "charges said Ritchie, or some one by his direction, with writing" these words thereon after such delivery, and without defendant's knowledge or consent.    This is a solemn admission by the defendant by his answer that he gave the note to Ritchie, the payee, for a valuable and legal consideration, for he does not in his answer allege that it was given without such consideration. This note declared on purports to ˙be for "value received," and, being set out in the complaint, is sufficient allegation of consideration, (Prindle v. Caruthers, 15 N. Y. 426;) and, being specifically admitted by his answer, the defendant had no right to attack on the trial the validity of this note for want˙of consideration, or for any other cause, except for its unauthorized alteration, by adding "with interest" after it left his hands.    So the judge was justified in ruling as matter of law at the trial and on the pleadings that the defendant, at the time he delivered the note, was liable to the payee thereof as upon a note given for valuable and legal consideration. And, as plaintiff's proof showed beyond question and without contradiction that the bank plaintiff had, without notice of the alteration, · and before maturity, duly discounted the note for one Ebert, to whom Ritchie, the payee, had duly indorsed the same, was not the judge also justified in ruling that this defendant was liable to this bank as such bona fide purchaser, because defendant was not an accommodation maker or other surety, but the maker for valuable consideration, and without any defense as against the payee at the time that he delivered the note to him?    Appellant's contention is that the bank, although such bona fide holder, cannot recover against the maker for value, for even the principal sum, for which he was so liable to the payee, because the unauthorized addition of the words "with interest" was a material alteration of the note after he made and delivered the same.    Appellant's contention is made on the authority of the cases of Weyerhauser v. Dun, 100 N. Y. 154, 2 N. E. 274, and McGrath v. Clark, 56 N. Y. 34, but in both of these cases the party sought to be held liable on the notes altered by adding the words "with interest" were accommodation indorsers, and as such were sureties for the parties to whom they had delivered the same, and who, of course, never had a cause of action against such indorsers.    In the Weyerhauser Case the note, after Griggs had indorsed, was altered by adding, "with interest at ten per cent. after maturity," (the note was made and payable in Indiana,) and the judge writing says:    "So far as Griggs is concerned, he stands simply as an accommodation indorser;" while in the McGrath Case, Clark, the party sought to be charged, had indorsed a note payable to McGrath's order, and delivered the same to the maker, who altered it by adding "with interest," and delivered it to McGrath; so Clark's was an accommodation indorsement, and he a mere surety, and in no way liable to the maker.    Appellant's counsel fails to

call attention to any reported case in this state which holds that a bona fide purchaser of a note cannot recover against a maker or indorser for value, and who at the time of such making and indorsement was liable on the note to the party for whom he made or indorsed and delivered the same, even though the note, after delivery, had been altered by adding "with interest." Of course, the maker of a note for value, which was, after delivery, altered by adding "with interest," could not be held for such added interest, but he is liable to a bona fide purchaser for the amount for which he was originally lawfully liable to the payee from or through whom such purchaser buys the note. In the case of Bank v. Loomis, 85 N. Y. 210, a draft had been drawn by the Plainfield Bank on a New York bank for $25, which had been raised to $1,200, and afterwards cashed by plaintiff, and the judge writing says: "It must be conceded that the Plainfield Bank was at least entitled to have refunded to it (by the drawee, who charged against it the full $1,200) the difference between the true sum for which the draft was issued and that to which it had been altered;" and cites with approval as follows: The cases of Hall v. Fuller, 5 Barn. & C. 750, and Merchants' Bank of New York v. Exchange Bank of New Orleans, 16 La. 457. The action in the Hall Case was assumpsit for money had and received by defendants (bankers) to the use of plaintiffs, (merchants.) It was shown that plaintiffs' check of £3 upon defendants had been fraudulently raised to £200, and otherwise altered, and, when presented, was paid, and charged to plaintiffs. They sued to recover moneys deposited by them, and the bankers sought to retain for the amount so charged. It was contended by plaintiffs that they were entitled to the whole sum of £200, but the court ruled otherwise, saying: "The bankers have paid more than the order authorized them to do, for by that they were authorized to pay no more than £3;" and the judgment was limited to the excess. In the Merchants' Bank Case it appeared that the Bank of Mobile drew a draft of $213.50 upon plaintiff, which was altered to $5,013.50, and then sold to defendant, who sent it forward to plaintiff for collection. The plaintiff paid it, and passed the full amount to credit of defendant. When plaintiff afterwards discovered the forgery, it sued defendant, and defendant was held liable for the difference between the true sum and that to which the check had been altered. The note in the case at bar was at three months, and, as the words "with interest" were added without defendant's authority, and after he delivered the note, the judgment must be reduced by $22.50, the amount of the interest thus added, and, as so reduced, is affirmed, with costs. All concur.