(10 Misc. Rep. 112.)

## JONES v. WICK.

(Common Pleas of New York City and County, General Term. November 7, 1894.)

CONTRACTS—EXCAVATING LAND—TITLE TO MATERIALS REMOVED.

A contract to excavate defendant's land for the erection of a building thereon does not imply a transfer to the contractor of the title to materials of value removed in performance of the contract.

Appeal from judgment on report of referee.

Action by James J. Jones against Jacob Wick, Jr. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Albert Zimmermann, for appellant.
Daniel Daly, for respondent.

BISCHOFF, J. To an action on a contract for the excavation of a certain area of ground, and for the supplying of sand and stone to be used in the building erected upon the land so excavated, the defendant set up a counterclaim for the value of the sand for which he had been charged by the plaintiff in the course of their transactions, and which, it was claimed, had been taken from the former's ground as a part of the soil excavated. Although some evidence was given by which it was sought to prove a custom governing such contracts as that in suit, the rulings of the referee, both before and after this testimony was adduced, upon questions calculated to show that the building sand supplied and charged for by the plaintiff came from the defendant's soil, proceeded upon a strict assumption that the title to all material excavated passed to the plaintiff, and that no claim for its value, or for any recovery of the amount paid to the plaintiff therefor, could be entertained, and the question thus raised is amply presented by the exceptions taken. The evidence of custom alluded to was given solely by the witness Gent, and is of no value in support of these rulings or of the final determination, since it is found to be so inconsistent with itself, and so directly contradictory as to be unintelligible in any aspect. Such is the character of this testimony that that part of it which appears within the same folio in the printed case is relied upon, and with reason, by the respective parties in support of their contention as to facts which are in hopeless opposition. At best, however, this testimony tends merely to show that under certain accepted conditions contracts are differently made with regard to such matters as those in suit, and fails to establish any usage in this regard. Moreover, it appears that the evidence noted did not enter into the considerations of the learned referee, even if any weight were to be accorded it, for the position taken by him in ruling upon evidence offered by the defendant in support of the counterclaim is defined in the following language: "You can raise your questions of law by a series of ques-

tions on the sand; but I shall hold it immaterial; that you cannot recover for any sand that he took out. I shall hold as a general proposition that the defendant cannot counterclaim for the value of any sand taken out by the plaintiff within the limits of his contract." In so far as it touches this subject, the contract, as shown by the evidence, was simply for making excavations upon the defendant's land, and no provision for the disposal of the soil removed in the course of the work was shown to have been made. We are unable to agree with the learned referee that the contract to excavate implied a transfer of title to materials of value removed in the performance of its requirements as a matter of law, for this would involve a determination that, under the agreement proven, an abandonment to the plaintiff of these materials had resulted, and as a matter strictly of law it cannot be held that such was the result upon the record before us.

The question whether or not title may be held to have passed by abandonment in any case turns fundamentally upon the fact of an intent to so abandon upon the part of the original owner (Wyman v. Hurlburt, 40 Am. Dec. 464, note, and cases cited; Lacustrine, etc., Co. v. Lake Guano, etc., R. Co., 82 N. Y. 476), and this question becomes one of law only where the evidence with regard to such fact is conclusive (Id.). The rulings of the referee in the case at bar concluded the question of title against the defendant, and this in the absence of any evidence as to an intent on his part to abandon the chattels in question to the plaintiff, and upon the assumption that further proof was immaterial. This evidence might, indeed, have been furnished by proof of some established custom of trade in the light of which the contract in suit could have been construed (Marine Nat. Bank v. National City Bank, 59 N. Y. 67; Eager v. Insurance Co., 14 Pick. 141; Thompson v. Hamilton, 12 Pick. 425; Clark v. Baker, 11 Metc. [Mass.] 186; Cotton Press Co. v. Stanard, 44 Mo. 71; Farnsworth v. Chase, 19 N. H. 534; Sampson v. Gazzam, 6 Port. [Ala.] 123); but standing alone, as it does, the agreement shown by the evidence fails to afford that proof which is essential to any support of the rulings made.

The question raised as to the plaintiff's second cause of action does not call for special consideration, since for the error noted a reversal of the entire judgment must result. Canavan v. Stuyvesant, 7 Misc. Rep. 113, 27 N. Y. Supp. 413. Judgment reversed, reference discharged, and new trial ordered, with costs to abide the event. All concur.