NATHAN J. PACKARD and MOSES PACKARD, Plaintiffs-Appellants, v. LOUIS WINDHOLZ, Defendant-Appellant.

(County Court, Onondaga County, March, 1903.)

Bills and notes — Accommodation indorser — Recovery where there is a material alteration.

> The fact that the payee's indorsement of a promissory note was forged does not excuse one, who subsequently indorsed the note for accommodation of the maker, from liability to a subsequent indorsee and holder in due course who was compelled to take the note up before maturity and who had it protested for nonpayment.

> A holder in due course of a negotiable instrument, who was not a party to an alteration made therein without the assent of all the parties liable thereon, may enforce payment thereof according to its original tenor.

APPEAL from a judgment of the Municipal Court of the city of Syracuse, for $57.72 damages and $15.37 costs, in favor of the plaintiffs.

S. Packard, for plaintiffs-appellants.

Hopkins & Betts, for defendant-appellant.

Ross, J.   On July 31, 1902, one Adolph Treuman, made his promissory note for fifty-five dollars payable to the order of C. D. Eaton, payable at the First National Bank, Syracuse, at three months.   The indorsement of the payee, C. D. Eaton, was a forgery.   It was indorsed by the defendant, Louis Windholz, and by one L. Pakelnisky and by the plaintiffs, under the name of N. J. & M. Packard.   This note was offered for sale by the maker to the plaintiffs, who were note brokers; the plaintiffs procured the indorsement of L. Pakelnisky; it was then taken by a messenger boy to the New York State Banking Company; a bank at that time doing business in Syracuse; the Syracuse Banking Company advanced the money upon the note, which money was brought to the plaintiffs' office by the messenger boy, and was handed to Treuman, the maker, less, I assume, certain fees.   Subsequently and before the maturity of the note the New York

State Banking Company failed or ceased to do business; the plaintiffs then took up the note and upon its maturity the same was duly presented at the place where it was payable and payment demanded, and was protested for nonpayment. Thereupon the plaintiffs brought this action.

The facts in reference to the second note of $120 were the same, except that the date was August 14, 1902, and the amount $120 was an alteration from $20, the original amount of the note. No claim was made upon the trial that the plaintiffs had any knowledge of these forgeries. The learned municipal court judge before whom this action was tried rendered judgment for the plaintiffs for the amount of the $55 note only. And from this judgment both parties appeal.

The plaintiffs knew that the defendant must be an accommodation indorser because of the fact that the notes were in the hands of the maker. Susquehanna Valley Bank v. Loomis, 85 N. Y. 207, 212. I think, however, that the plaintiffs are entitled to recover the amount of the fifty-five dollar note and the original amount, twenty dollars, of the other note. That the New York State Banking Company could recover will be admitted by every one. And it would seem that the Banking Company could transfer an equally good title to a purchaser in good faith for a valuable consideration before maturity. It could pass a good title by gift even to the plaintiffs, and it can hardly be that the plaintiffs are in a worse position, having paid money to take up the note upon which they were liable, than they would be in had the State Banking Company given them the notes. I will, however, assume that the plaintiffs gained no advantage by the transfer to the State Banking Company, and that they are in the same position as if they had paid the money to the maker and held ᵃ notes, duly protesting the same. A single word as to the difference between the liability of an indorser in due course for value, a vendor of negotiable paper, and an accommodation indorser. The contract of the latter is to pay his indorsee or any subsequent holder of the note, if the same is duly presented and due notice of dishonor given. In other words, his contract is an express contract of indorsement. Susquehanna Valley Bank v. Loomis, 85 N. Y. 207. On page 210 the following language of the court appears: " What then was his engagement? As indorser it was in general terms to pay the draft to any holder

-for value whose title was derived through the payee, provided it was duly presented to the drawee, payment refused by it and due notice of nonpayment given to him. (Hall v. Newcomb, 7 Hill, 416; Spies v. Gilmore, 1 Comst. 321.)" In that case the instrument in question was not protested, and it was held that the defendant, an accommodation indorser, was excused for that reason. The words " whose title was derived through the payee " quoted above have given me considerable trouble; but the only question involved in that case was the question of the liability of an accommodation indorser upon failure to protest. The cases cited by the learned court in immediate connection with the phrase above used were cases in which the question of the effect of a failure to protest was the point in controversy. The words " through the payee " should be " through his indorsee." The genuineness of the signature of the payee has nothing to do with the contract of the defendant. His contract is not to pay to the payee or order but to his indorsee or order.

The liability of an indorsee who is also a transferrer of the bill, in other words, a vendor, and who receives value for the same, arises not only upon the express contract of indorsement but also upon an implied and extrinsic contract of genuineness. See article by Professor James Barr Ames on Negotiable Instruments Law, 14 Harvard Law Review, at p. 251. This implied contract Professor Ames compares with the implied contract of a vendor of a chattel. A liability arises upon the implied contract of genuineness immediately upon the transfer of the instrument. In other words, if violated, it is not necessary to wait for the maturity of the bill. See Turnbull v. Bowyer, 40 N. Y. 456. No such liability exists or is sought to be enforced in this case. Dawson v. Prince, 2 DeG. & J. 41; 1 Ames Cas. Bills & N. 724; Beckwith v. Webber, 78 Mich. 390.

The plaintiffs are entitled to recover the original amount of the altered note, twenty dollars. Negotiable Instruments Law, L. 1897, ch. 612, § 205.

Judgment reversed, and a new trial in Municipal Court ordered at a time to be fixed in the judgment. Costs for plaintiffs-appellants to abide the event of the action, which may be included in any subsequent judgment in the Municipal Court.

Judgment reversed and new trial ordered, with costs to plaintiffs-appellants, to abide event.