(54 Misc. 550)

## SMITH v. STATE BANK.

(Supreme Court, Appellate Term. June 6, 1907.)

1. BILLS AND NOTES—ACCOMMODATION INDORSER—LIABILITY.

Negotiable Instruments Law, Laws 1897, p. 728, c. 612, § 55, provides that an accommodation indorser is liable on the instrument to a holder for value, notwithstanding such holder, at the time of taking the instrument, knew him to be only an accommodation party. Plaintiff was asked to identify at the bank the payee of a check, who had raised the same, and, on being told by the teller of the bank that the check was good, indorsed it, and the payee received the money. *Held*, that plaintiff was liable to the bank on the check.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 566.]

2. SAME—MEASURE OF LIABILITY.

An accommodation indorser of a raised check was liable to a bank paying the same for the difference between the amount of the check as originally drawn and the amount to which it was raised.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 614.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob Smith against the State Bank. Judgment for defendant, and plaintiff appeals. Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD, and GOFF, JJ.

Stanislaus N. Tuckman, for appellant.

Feltenstein & Rosenstein, for respondent.

GOFF, J. Plaintiff was a depositor in defendant bank. One Jacob Zlotnick drew a check on said bank for $9, making it payable

to J. Salzman, whom he permitted to write the check for him; Zlotnick being unable to write. Zlotnick was also a depositor in defendant bank. Salzman raised the check to $90, and then asked plaintiff to introduce him to the bank, so that he could draw the money. Plaintiff took the check, and asked William Walton, defendant's paying teller, if the check was good, to which he replied, "Perfectly, I believe." Walton then told plaintiff to indorse it, which he did, and the money was paid. Upon finding that the check had been raised, the bank deducted the $90 from plaintiff's account, for which sum plaintiff now brings this action. Notwithstanding the fact that the action of Walton may have been equivalent to a certification of the check, and that plaintiff was merely an accommodation indorser, he was still "liable on the instrument to a holder for value, notwithstanding such holder, at the time of taking the instrument, knew him to be only an accommodation party." Neg. Inst. Law, Laws 1897, p. 728, c. 612, § 55. As to certification, see Marine Nat. Bank v. Nat. City Bank, 59 N. Y. 67, 17 Am. Rep. 305; White v. Continental Nat. Bank, 64 N. Y. 316, 21 Am. Rep. 612.

There still remains to be considered the amount for which this plaintiff is liable to defendant—whether for the full amount of the check, or for that amount less the sum for which the check was originally drawn. That the latter constitutes the correct measure is shown by an authority cited by respondent in its brief. "Where a genuine draft has been altered, not only in the name, but in the amount to be payable, the difference between the original amount and the altered amount might be recovered back of the person from whom the drawee has received the draft and to whom he paid the money." Nat. Park Bank of N. Y. v. Ninth Nat. Bank, 55 Barb. 87. "That is, to quote from respondent's brief, in this case the difference between $90 and $9 might be recovered back from the person from whom the bank received the note, to wit, the plaintiff, and to whom it paid the money, to wit, the plaintiff." Defendant has already "recovered" the $81, and the original face value of the check as well.

The judgment herein will therefore be modified by giving judgment absolute for the plaintiff for the sum of $9, and, as thus modified, affirmed, with costs of this appeal. All concur.