PHILLIP N. GRIFFIN, assignee, &c., *v.* JOHN RICE, President of the Atlantic Bank in the city of New York.

It is not necessary that a witness should be an expert in banking in order to prove a usage of banks. If he knows the usage he is competent to testify to it, whether he is a banker or employed in a bank, or is accustomed to deal with banks.

A bank has a right to pay notes or checks for a dealer at his request, even after he has made a general assignment for the benefit of his creditors, until notice of such assignment is given to it.

And such a payment is good as a set-off in an action by the assignee against the bank, for a balance of account due the assignors at the time of the assignment, upon collaterals left with notes for discount.

A direction in a note, making it payable at a given bank, is equivalent to a request to the bank to pay it.

APPEAL by defendant from a judgment of the Marine Court. This action was brought by the plaintiff, as assignee of C. S. Benedict & Co., to recover $337.92 from the Atlantic Bank, being a balance of account of theirs with the bank. C. S. Benedict & Co. left for discount with the bank, in the spring of 1854, two notes for the aggregate amount of a little over $1,500, leaving, as collateral, notes for about $1,900. In September, 1854, C. S. Benedict & Co. failed, and made an assignment for the benefit of creditors to the plaintiff. On the 4th of October, and before notice of the assignment had been given to the bank, a note of Benedict & Co.'s for $612.58, payable at the bank on that day, was presented there for payment, and was paid by the bank. Benedict & Co. had, at the time, a balance of only some $5 or $6 on their account, beside the collaterals. The bank afterwards collected the entire amount of the collaterals, and after repaying themselves the amount of the discounted notes, had an admitted balance in Benedict & Co.'s favor of $370.50, for which this action was brought. To this action they claimed, as an offset, their payment of Benedict & Co.'s note on the 4th of October. This claim was disallowed by the court below, who rendered judgment for the plaintiff, from which the defendant appealed.

*Charles Tracy*, for the appellant.

*Horace Dresser*, for the respondent.

INGRAHAM, FIRST JUDGE.—The plaintiff's claim is for moneys received by the bank upon collateral notes, deposited as security for other notes discounted by the bank for the firm of C. S. Benedict & Co. Before the notes were paid this firm had failed, and made an assignment to the plaintiff. After the assignment, the bank, without notice, paid a note of Benedict & Co., which was made payable at the bank, and they claim to be allowed, as an off-set, the amount of such note.

Upon the trial of the case, the plaintiff was permitted to call as witnesses, as to the custom of the banks in New York in paying the checks of dealers, persons who were not employed in banks. Although not employed in banking business, the witnesses were dealers with the banks, and had knowledge of the ordinary course of dealing with them. There is no necessity for showing a man to be an expert in banking, in order to prove a usage. He should know what the usage is, and then he is competent to testify, whether he be a banker, or employed in a bank, or a dealer with banks. There is no reason why a dealer should not have as much knowledge on such a subject as a person employed in a bank.

The main question in this cause is, whether the bank is entitled to credit for the amount of the note of Benedict & Co. paid by the bank.

As between Benedict & Co. and the bank, I think there could be no doubt that the defendants should succeed in the defence set up by them. The payment of the note was by direction of the firm, inasmuch as they made it payable at the bank. Such a direction as to the place of payment, where the firm's account was kept in the bank, was equivalent to a direction or request for the bank to pay the same. Even conceding that the collaterals were not pledged as security for such payments, and that the bank could not have retained the notes after those to which they were

collateral had been paid, still when the collaterals are paid, and the claim is for money had and received, a set-off is always proper. While the money was remaining with the bank, and before any notice of the transfer of interest to the plaintiff was given to the bank, they, at the request of Benedict & Co., paid the note of that firm. Such payment was a good defence to any claim for money collected by them on the collaterals, either as a payment for the firm out of those funds by their request, or as a set-off of the amount of the note for moneys paid for them at their request.

Is there anything, then, in the fact of the assignment to the plaintiff to alter the rights of the defendants to this defence.

Had notice of the assignment been given to the bank, a different question would arise, but without such notice the bank was justified in making the payment, just as much as they would have been in paying a check drawn by the firm upon the bank.

I do not think it necessary to examine the question as to the right of the bank to hold collaterals for other debts than those for which such securities were specially pledged. I am disposed to put this case on the broader ground of the right of the bank to pay notes and checks for the dealer, at his request, even after he has made an assignment, until notice of such assignment is given to the bank.

The proposition is a monstrous one, that banks, receiving money of and for their dealers, to be paid out on their checks and notes, are not to be protected as to payments made by them in the ordinary course of dealing of such banks, when the dealer sees fit privately to make an assignment of his effects, and the notice of such assignment is withheld from the bank.

The judgment for the plaintiff was erroneous, and should be reversed.