## PARKE ET AL. *v.* ROSER. ET AL.

MISTAKE.—*Payment, by Bank, to Endorsee of Forged Check.—Representations by Bank, to Endorsee, before Endorsement.*—A depositor in a certain bank drew his check on that bank, for a certain amount, in favor of A. or bearer. The amount of the check having been wrongfully raised, A. presented the check, so raised, to B., to get it cashed. It being after banking hours, B. presented the check to the cashier of the bank, who assured him that the check was good, and that it would be paid during banking hours. B. thereupon took an assignment of the check from A., and paid the latter the amount thereof, and, on the next day, the check was paid by the bank, which, on discovering the forgery, of which both B. and the bank were previously ignorant, sued B. to recover the amount paid on the check. *Held*, that the plaintiff was entitled to recover.

SAME.—*Certified Check.*—The certification of a check by the bank on which it is drawn amounts only to an agreement that the signature of the drawer is genuine, and that he has sufficient funds to pay it.

From the Posey Circuit Court.

*W. Loudon*, for appellants.

*W. P. Edson*, for appellees.

SCOTT, J.—This action was brought to recover, as for money paid by mistake, the amount paid by plaintiffs to defendants, upon a check which had been altered and raised after issue.

Answer as follows:

" For answer to this complaint, the defendants say that, on the 23d day of October, the day upon which the check was drawn, after the bank of plaintiffs had been closed for that day, said Bates requested them to cash the check, and thereupon they took the same to plaintiffs and exhibited it to them, and were informed by them that they would pay the same during banking hours, and, relying upon this statement, they paid Bates eighty dollars, and Bates thereupon endorsed the check to them ; that, at the time they took the assignment of the check from Bates, and at the time they received payment of the same from the bank; they had no suspicion that the check had been raised."

There was a demurrer to this answer for the want of facts. The demurrer was overruled, and exception entered.

The plaintiffs filed a reply to the answer as follows :

" That, at the time they said they would pay the check, and at the time they did pay the same, they had no suspicion whatever that the check had been raised, but believed it had been originally drawn for eighty dollars."

There was a demurrer to this reply, for want of sufficient facts. Demurrer sustained, and exceptions entered. A general denial to the answer was then filed. Trial, and finding for the defendants, and judgment on the finding.

The rulings upon the demurrers to the answer and reply are assigned for error, in this court.

Is the answer sufficient in law to bar the plaintiffs' recovery? As the question is one not settled by any decision of this court, we think it proper to go somewhat into detail.

Stripped of the verbality necessary in pleading, the following may be taken as the true state of the case :

Long drew his check for eight dollars, in favor of Bates or bearer on the plaintiffs, his bankers. Bates,

or some other person, wrongfully altered the check to eighty dollars, took it to defendants, and desired them to cash it; the defendants took it to the plaintiffs; they said they would pay it during banking hours; defendants then took it back to Bates, paid him the money on it, and had him endorse the check to them. The next day, during banking hours, the defendants presented the check to the plaintiffs, and received thereon the full amount, the sum of eighty dollars. Both parties all this time believed the check to be genuine, and neither party had any suspicion that the check had been altered and raised.

Suppose Bates had presented the check himself, and got the money on it; no one would pretend for an instant, that the plaintiffs could not recover from him. Suppose, when the defendants presented the check in the first instance, the plaintiffs, instead of saying they would pay it during banking hours, had actually paid the money to the defendants, as they might have done, as the check was payable to bearer; would any one suppose that the plaintiffs could not have recovered, when it was discovered that the check had been altered and raised?' We think not. Suppose that Bates had presented the check to the plaintiffs, and had the same certified in the usual form, according to the custom of bankers, and the defendants had afterwards cashed it; could they have compelled the plaintiffs to pay it? We think not. Suppose that, when the defendants presented or exhibited the check to the plaintiffs, the plaintiffs had certified it in the usual form, instead of saying they would pay it during banking hours, and, on this certification, the defendants had cashed it, and afterwards presented it for payment, and the plaintiffs had refused to pay, for the reason that, in the mean time, they had discovered that the check had been altered and raised, and the defendants had brought suit on this altered, raised and forged check; could they have recov-

ered? We think not; for the reason, that the certifying of a check is only an agreement that the signature of the drawer is genuine, and that he has the funds in the bank to meet it. *The Marine Nat'l Bank* v. *The National City Bank*, 59 N. Y. 67.

This being true, it follows, that if the plaintiffs had certified the check, and afterwards paid it, before discovering it to be a raised and altered check, they could have recovered the money from the parties to whom it had been paid. *The Security Bank of New York* v. *The National Bank of the Republic*, 67 N. Y. 458.

The next question is, can the oral promise of the drawee of a check be of more binding force than his written certification? In view of the principle involved, and the authorities, we think not. We can see no reason why the drawee of a check should be held to pay a forged check, where the forgery consists in altering the body of the check, upon an oral promise to pay during banking hours, when he could not be held liable upon his written certification of it. The demurrer should have been sustained to the answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the answer, and for further proceedings in accordance with this opinion.