Isabelle Harper, Appellee, v. Drexel State Bank, Appellant.

Gen. No. 33,568.

Opinion filed January 6, 1930.

EUGENE P. KEALY, for appellant; CHESTER E. LEWIS, of counsel.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $450. The substance of her statement of claim is that about November 28, 1927, she presented to the defendant bank a cashier's check issued by the defendant on November 4, 1927, for $450, payable to Mrs. Mayetta Watson and purporting to bear the indorsements of Mrs. Watson and I. Moll; that upon presentation of the check she inquired of defendant's official whether it was good; that he examined it and advised her that the check was good but refused to cash it for plaintiff because she was unknown at the bank; that thereafter plaintiff advanced money to I. Moll, from

whom she had obtained the check; that Moll became indebted to her in other respects hereinafter mentioned; that afterwards payment of the check was refused because it had been' stolen from Mrs. Watson, the payee.

The defendant denied that it had told. plaintiff the check was good; denied that it was presented to defendant by plaintiff, and averred that Mrs. Watson, the payee, had advised the defendant that the check had been stolen from her and payment was thereafter stopped. There was a trial before a judge and a jury and a verdict and judgment in plaintiff's favor for $200.

Plaintiff testified in her own behalf that in November, 1927, she was conducting a boarding house and cafe at 2215 Sheffield Avenue, Chicago; that on the Sunday after Thanksgiving (the calendar discloses that in 1927 Thanksgiving day was Thursday, November 24), a man giving his name as I. Moll came to her cafe with a party of four and had a turkey dinner; that after the dinner he asked her if she would take his personal check in payment of the dinner and she refused because she did not know him; that thereupon Moll produced the check involved in this case, which was a cashier's check dated November 4, 1927, drawn by the defendant bank to the order of Mrs. Mayetta Watson for $450; on the back appeared the names Mrs. Mayetta Watson and I. Moll; that Moll asked her if she would take the check as security until he could get the money; that she refused to do this but upon reconsideration showed the check to one of her regular customers who was then in the dining room; that he examined it and told her the check was all right since it was a cashier's check; that Moll then went away and left the check with her and she gave him some ten or fifteen dollars; that on the following morning, which was Monday, she and Moll went to the Ætna State bank, located a few blocks from plaintiff's place of

business, where she carried an account, and requested that bank to cash the check for her; that the Ætna bank refused to do so because she did not have $450 in the bank; that she did not deposit the check there; that on the next day, Tuesday, she drove out to the south side to defendant's bank, exhibited the check to the assistant cashier of that bank and asked him if it was good; that he examined it, turned it over and looked at the reverse side and said that the check was good; that it "is as good as money in your hand"; that she thereupon asked him to cash the check for her, which was refused on the ground that she was not known at the bank; that the assistant cashier thereupon inquired if plaintiff had a bank in which she kept an account and being advised that she had, he told her to deposit the check at her bank, which she agreed to do; she further testified that Moll was a guest at her hotel and restaurant, and after she returned from defendant's bank Moll ordered a dinner prepared for the next evening for 24 of his guests, the dinner to be served about 9 o'clock Wednesday evening; that plaintiff, having been assured by the Drexel Bank that the check was good, prepared a dinner and advanced Moll $150 on the check; that on Wednesday evening shortly before the dinner was to be served Moll disappeared and no guests appeared for the dinner; that the next day she presented the check to the Ætna State Bank, when she was informed by an official of that bank that the check had been stolen from the payee, Mrs. Watson.

Plaintiff's testimony that she had presented the check to the defendant bank was corroborated by the witness who drove her to the Drexel Bank. He testified that upon arriving at the defendant bank plaintiff presented the check to the assistant cashier and asked him to cash the check for her, and he told her the check was all right, that the money was in the bank but that he could not cash the check for her because she was not known at the bank.

The assistant cashier of the defendant bank gave testimony which we think was not as specific as it might have been in many respects. His testimony was to the effect that plaintiff never presented the check at the bank; that a few days after the check was issued on November 4, Mrs. Watson, the payee of the check, called at the bank and told him the check had been stolen from her and he stopped payment. Mrs. Watson testified that she lived at Nashville, Tennessee, came to Chicago in September, 1927, and made a deposit in the defendant bank; that in the early part of November she decided to return home and went to the defendant bank with her friend, Mrs. Klass, and got the cashier's check, which represented the balance of money she had in the bank; that four or five days after she obtained the check it was stolen from her in the downtown district by a man who grabbed her hand-bag in which she had the check; that this occurred on the evening of November 8, and the next morning she went to the defendant bank and advised them of the fact; that thereafter she called nearly every day to see whether the check had been presented for payment. Her testimony as to calling at the bank after the loss of the check was corroborated by Mrs. Klass, who said they called repeatedly at the bank. There is other evidence in the record, but we think it unnecessary to refer to it because we have reached the conclusion that, upon a careful consideration of all the evidence in the record, the verdict of the jury is against the manifest weight of the evidence.

The uncontradicted evidence is that the check was stolen from Mrs. Watson about November 8 and the next morning she notified the defendant bank and thereafter called almost daily for two or three weeks on the defendant bank, making inquiries concerning the check. Plaintiff, according to her testimony, got the check in question on November 27, which was the Sunday after Thanksgiving in 1927, and the following

Tuesday, she says, she presented it to the defendant bank. This is denied by officials of the bank. It seems obvious that if Mrs. Watson had notified the bank about November 9 that the check had been stolen—and this evidence is uncontradicted—the assistant cashier of the defendant bank would not have told plaintiff on November 29 that the check was good.

Moreover, we are of the opinion that even if the testimony of plaintiff be taken as true, she cannot recover. The circumstances surrounding the presentation of the check by plaintiff to the defendant bank, according to her own testimony, shows that the assistant cashier of that bank did not purport to pass on the genuineness of the indorsements on the check; obviously, he did not know Moll's signature. Plaintiff's own testimony shows that she had taken the check under rather peculiar circumstances. At the time the check was presented to her at her restaurant it was about 30 days old. The next day her bank refused to cash it for her, and on the following day, according to her testimony, she went to the defendant bank. She made no statement there as to what had taken place between herself, Moll, and her own bank.

We think there was nothing in the inquiry plaintiff made of the assistant cashier that would warrant the inference that she was inquiring about the genuineness of the indorsements on the check, and unless this were done, even on plaintiff's own theory of the case, no recovery could be had. *Central Nat. Bank v. Drosten Jewelry Co.,* 203 Mo. App. 646, 220 S. W. 511; *Parke v. Roser,* 67 Ind. 500. It is unfortunate that plaintiff was swindled by Moll but this is no reason why defendant bank should be mulcted.

The judgment of the municipal court of Chicago is reversed and the cause is remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.